# UNITED STATES BANKRUPTCY COURT

_____Northern_____ District of _____California_____

In re ___Christopher Michael Callaway___

Debtor

*(Complete if issued in an adversary proceeding)*

Christopher Michael Callaway

Plaintiff

v.

City and County of San Francisco, et al.

Defendant

Case No. ___24-30082-DM___

Chapter ___7___

Adv. Proc. No. ___26-03016-DM___

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___Joseph Theisen and Laguna Hayes Partners, LLC, c/o Wiegel Law Group, PLC, 414 Gough Street, Suite 1, San Francisco, CA 94102___

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE.**

| PLACE<br>Christopher M. Callaway, 2489 15th Street,<br>San Francisco, CA 94114; or by secure link. | DATE AND TIME<br>August 5, 2026<br>at 10:00 a.m. |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __7/22/26__

**Edward Emmons**

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Christopher M. Callaway
_____ , who issues or requests this subpoena, are:
Christopher M. Callaway, 2489 15th Street, San Francisco, CA 94114; (415) 802-6160; chris1callaway@gmail.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed, Fed. R. Civ. P. 45(a)(4).

Case: 26-03016   Doc# 43   Filed: 07/22/26   Entered: 07/22/26 15:50:40   Page 1 of 14

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
    …

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**CHRISTOPHER MICHAEL CALLAWAY**
Plaintiff, In Pro Per
2489 15th Street
San Francisco, CA 94114
Telephone: (415) 802-6160
Email: chris1callaway@gmail.com

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 24-30082-DM |
| CHRISTOPHER MICHAEL CALLAWAY, | Chapter 7 |
| Debtor. | Adv. Proc. No. 26-03016-DM |
| CHRISTOPHER MICHAEL CALLAWAY, | **EXHIBIT A**<br>**DOCUMENTS TO BE PRODUCED**<br>**BY JOSEPH THEISEN AND**<br>**LAGUNA HAYES PARTNERS, LLC** |
| Plaintiff, | |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | Judge: Hon. Dennis Montali |
| Defendant(s). | |

Pursuant to Federal Rule of Civil Procedure 45, made applicable by Federal Rule of Bankruptcy Procedure 9016, Christopher Michael Callaway requests that Joseph Theisen and Laguna Hayes Partners, LLC produce for inspection and copying the documents and communications described below, as defined and instructed herein.

## DEFINITIONS

Exhibit A - Documents to Be Produced (Subpoena to Joseph Theisen and Laguna Hayes Partners, LLC)
Adv. Proc. No. 26-03016-DM; Case No. 24-30082-DM

**1. "YOU," "YOUR," or "THEISEN"** means Joseph Theisen and Laguna Hayes Partners, LLC, individually and collectively, and any member, manager, principal, agent, employee, attorney, representative, or person acting on their behalf, including the Wiegel Law Group, PLC.

**2. "LAGUNA HAYES PROPERTIES"** means the commercial properties at 597 Hayes Street, 540 Laguna Street, 542 Laguna Street, 546 Laguna Street, and 550 Laguna Street, San Francisco, California, including the ground-floor and "commons" spaces.

**3. "500 LAGUNA"** means the premises at 500 Laguna Street, San Francisco, California.

**4. "DATTANI LEASE"** means the Retail Commercial Lease dated August 1, 2018, between M. Dattani Credit Trust as landlord and Mr. C's LLC and Christopher M. Callaway as tenants for 500 LAGUNA, and all addenda, amendments, and extensions.

**5. "DATTANI"** means Kaushik Dattani, the M. Dattani Credit Trust, and any trustee, agent, attorney, or representative acting on their behalf, including the Kandel Law Firm and Duncan MacDonald.

**6. "CALLAWAY"** means Christopher Michael Callaway, individually and in any representative capacity.

**7. "CALLAWAY ENTITIES"** means Mr. C's LLC, Calilion LLC, Calihart LLC, The Van Ness Bureau LLC (d/b/a Hazy Home), and any other entity owned, controlled, or managed by Callaway, individually and collectively.

**8. "LISTING AGENTS"** means Rose Wang, Terry Everley and TC Property Group, Rosa Lee, Maven Commercial, Inc., and any other broker, agent, or leasing representative engaged by or acting for YOU as to the LAGUNA HAYES PROPERTIES.

**9. "NILES LIENHART"** means Niles Lienhart and any entity he owns or controls, and any agent or representative acting on his behalf.

**10. "MELROD/SOLFUL"** means Eli Melrod, Solful, and any entity either owns or controls, and any agent or representative acting on their behalf.

**11. "OFFICE OF CANNABIS"** means the San Francisco Office of Cannabis and any successor agency with authority over cannabis permitting or licensing in the City and County of San Francisco.

**12. "CANNABIS LICENSE/APPLICATION"** means any application, permit, provisional or annual license, entitlement, or other authorization submitted to or received from the OFFICE OF CANNABIS or the State of California for a cannabis retail business at 500 LAGUNA or any LAGUNA HAYES PROPERTY.

**13. "DATTANI ACTION"** means M. Dattani Credit Trust v. Theisen, et al., San Francisco Superior Court Case No. CGC-24-611746.

**14. "DOCUMENT"** is used in the broadest sense and includes all writings, recordings, and electronically stored information, in any form.

**15. "COMMUNICATION"** means any transmission of information by any means, including in person, by telephone, email, text or instant message, social media, letter, or any other medium, and includes all attachments and metadata.

**16. "ELECTRONICALLY STORED INFORMATION" or "ESI"** means information stored in any electronic medium, including emails, text messages, chats, documents, calendars, and their metadata.

**17. "PERSON"** includes natural persons, corporations, limited liability companies, partnerships, associations, governmental entities, and any other legal entity.

**18. "RELEVANT PERIOD"** means January 1, 2018 through the date of this subpoena, unless a specific request states otherwise.

**19. "CONCERNING," "RELATING TO," or "REGARDING"** means, in whole or in part, referring to, reflecting, evidencing, describing, constituting, or arising out of the stated subject.

## INSTRUCTIONS

**1.** Time period. Unless a request states otherwise, produce DOCUMENTS created, sent, received, or modified during the RELEVANT PERIOD.

**2.** Form of production. Produce ESI in native format with all metadata intact, and paper DOCUMENTS as searchable PDFs, consistent with Fed. R. Civ. P. 45(e)(1). Do not delete, alter, or strip metadata.

**3.** Privilege. If YOU withhold any DOCUMENT on a claim of privilege or work product, produce a log that describes the DOCUMENT and the basis for the claim in enough detail to assess it, as required by Fed. R. Civ. P. 45(e)(2)(A).

**4.** Objections. Written objections, if any, must be served before the earlier of the time for compliance or 14 days after service, under Fed. R. Civ. P. 45(d)(2)(B).

**5.** Preservation. Preserve all DOCUMENTS and ESI potentially responsive to this subpoena, and suspend any automatic deletion that would affect them.

**6.** Organization. Produce DOCUMENTS as they are kept in the ordinary course, or label them to correspond to the numbered request to which they respond.

**7.** Supplementation. If YOU learn that a production is incomplete or incorrect, supplement it promptly.

**8.** Construction. "And" and "or" are construed inclusively. The singular includes the plural. A request for DOCUMENTS includes all COMMUNICATIONS within its scope.

## DOCUMENTS REQUESTED

**Category 1: Callaway's Tenancy and Lease Negotiations at the Laguna Hayes Properties**

**REQUEST NO. 1.** All DOCUMENTS and COMMUNICATIONS between YOU and CALLAWAY or any CALLAWAY ENTITY concerning any proposed or actual lease, letter of intent, term sheet, or occupancy at the LAGUNA HAYES PROPERTIES.

**REQUEST NO. 2.** All leases, letters of intent, term sheets, offers, and drafts, executed or not, between YOU and CALLAWAY or any CALLAWAY ENTITY for 597 Hayes Street, 540 Laguna Street, 542 Laguna Street, 546 Laguna Street, or 550 Laguna Street.

Exhibit A - Documents to Be Produced (Subpoena to Joseph Theisen and Laguna Hayes Partners, LLC)
Adv. Proc. No. 26-03016-DM; Case No. 24-30082-DM

Case: 26-03016    Doc# 43    Filed: 07/22/26    Entered: 07/22/26 15:50:40    Page 8 of 14

**REQUEST NO. 3.** All DOCUMENTS concerning the ground-floor or "commons" tenancies at 540 Laguna Street and 550 Laguna Street, including any tenant or prospective tenant referred or introduced to YOU by CALLAWAY.

**REQUEST NO. 4.** All DOCUMENTS concerning any other tenant or prospective tenant of the LAGUNA HAYES PROPERTIES referred, introduced, or brought to YOU by CALLAWAY.

**REQUEST NO. 5.** All DOCUMENTS reflecting rent, payments, or amounts due under any lease between YOU and CALLAWAY or any CALLAWAY ENTITY for a LAGUNA HAYES PROPERTY, including rent schedules, ledgers, and payment records.

**REQUEST NO. 6.** All DOCUMENTS concerning the negotiation, modification, or restructuring of the leases at the LAGUNA HAYES PROPERTIES, including any arrangement by which CALLAWAY placed or referred tenants, or relinquished or assigned any space, in exchange for modified terms on the remaining leases.

**REQUEST NO. 7.** All DOCUMENTS concerning any repair, maintenance, construction, or improvement at the LAGUNA HAYES PROPERTIES during CALLAWAY'S tenancy, including work performed after any break-in or water intrusion, the installation or replacement of any door, and all invoices, charges, and receipts for such work between YOU and CALLAWAY.

**Category 2: Communications With Real Estate Agents and Brokers**

**REQUEST NO. 8.** All COMMUNICATIONS between YOU, or any real estate agent, broker, or leasing representative acting for YOU (including Rosa Lee and Maven Commercial, Inc.), and any PERSON concerning CALLAWAY, any CALLAWAY ENTITY, or a cannabis retail tenancy at the LAGUNA HAYES PROPERTIES, including 542 Laguna Street.

**REQUEST NO. 9.** All DOCUMENTS concerning the engagement, listing, or marketing of any LAGUNA HAYES PROPERTY for cannabis retail or any other use, including listing agreements, marketing materials, and broker communications during the RELEVANT

Exhibit A - Documents to Be Produced (Subpoena to Joseph Theisen and Laguna Hayes Partners, LLC)
Adv. Proc. No. 26-03016-DM; Case No. 24-30082-DM

PERIOD.

**Category 3: The Cannabis License, the Office of Cannabis, and the Planning Department**

**REQUEST NO. 10.** All COMMUNICATIONS between YOU and the OFFICE OF CANNABIS concerning CALLAWAY, any CALLAWAY ENTITY, the LAGUNA HAYES PROPERTIES, or any CANNABIS LICENSE/APPLICATION.

**REQUEST NO. 11.** All COMMUNICATIONS between YOU and the San Francisco Planning Department, the Zoning Administrator, or the Department of Building Inspection concerning cannabis retail use, conditional use authorization, entitlement, or permitting at any LAGUNA HAYES PROPERTY, including 542 Laguna Street.

**REQUEST NO. 12.** All Property Owner Statement of Consent forms, or equivalent authorizations, executed or declined by YOU for any CANNABIS LICENSE/APPLICATION at the LAGUNA HAYES PROPERTIES.

**REQUEST NO. 13.** All DOCUMENTS concerning the transfer, relocation, or portability of a CANNABIS LICENSE/APPLICATION from 500 LAGUNA to any LAGUNA HAYES PROPERTY.

**REQUEST NO. 14.** All DOCUMENTS concerning the status, progress, approval, denial, hold, or withdrawal of any CANNABIS LICENSE/APPLICATION, conditional use, or entitlement for cannabis retail at the LAGUNA HAYES PROPERTIES.

**Category 4: 542 Laguna Street and the Pending Cannabis Application**

**REQUEST NO. 15.** All DOCUMENTS concerning the letter of intent, term sheet, or proposed lease between YOU and CALLAWAY or any CALLAWAY ENTITY for 542 Laguna Street, including every draft, redline, and COMMUNICATION about it.

**REQUEST NO. 16.** All DOCUMENTS concerning YOUR consent to or support for cannabis retail use, or any CANNABIS LICENSE/APPLICATION, at 542 Laguna Street.

**REQUEST NO. 17.** All DOCUMENTS and COMMUNICATIONS concerning the status and timeline of the proposed 542 Laguna Street lease and of finalizing it.

Exhibit A - Documents to Be Produced (Subpoena to Joseph Theisen and Laguna Hayes Partners, LLC)
Adv. Proc. No. 26-03016-DM; Case No. 24-30082-DM

**REQUEST NO. 18.** All DOCUMENTS concerning any lender, insurer, loan, lease, or CC&R; requirement that applies to cannabis retail use at 542 Laguna Street or any LAGUNA HAYES PROPERTY.

**REQUEST NO. 19.** All DOCUMENTS concerning the status of any OFFICE OF CANNABIS or Planning Department review of cannabis retail use at 542 Laguna Street, including CALLAWAY'S pending application.

**Category 5: Melrod and Solful**

**REQUEST NO. 20.** All COMMUNICATIONS between YOU and MELROD/SOLFUL concerning any cannabis premises, license, or application in San Francisco, or concerning CALLAWAY or any CALLAWAY ENTITY.

**REQUEST NO. 21.** All DOCUMENTS concerning MELROD/SOLFUL and any cannabis tenancy, license, or application at 500 LAGUNA or any LAGUNA HAYES PROPERTY.

**Category 6: Communications and Dealings With Dattani**

**REQUEST NO. 22.** All COMMUNICATIONS between YOU and DATTANI concerning CALLAWAY, any CALLAWAY ENTITY, 500 LAGUNA, the DATTANI LEASE, or any CANNABIS LICENSE/APPLICATION.

**REQUEST NO. 23.** All DOCUMENTS concerning any meeting between YOU and DATTANI, including calendars, agendas, notes, and minutes.

**REQUEST NO. 24.** All DOCUMENTS exchanged or shared between YOU and DATTANI concerning CALLAWAY, including any DOCUMENT produced, disclosed, or exchanged under a common-interest, joint-defense, or cooperation arrangement.

**Category 7: Coordination Concerning the Office of Cannabis and the Administrative Hold**

**REQUEST NO. 25.** All COMMUNICATIONS between YOU or YOUR agents and DATTANI, Duncan MacDonald, Brian Kandel, or the Kandel Law Firm concerning

Case: 26-03016   Doc# 43   Filed: 07/22/26   Entered: 07/22/26 15:50:40   Page 11 of
Exhibit A - Documents to Be Produced (Subpoena to Joseph Theisen and Laguna Hayes Partners, LLC)
Adv. Proc. No. 26-03016-DM; Case No. 24-30082-DM

CALLAWAY, any CALLAWAY ENTITY, any CANNABIS LICENSE/APPLICATION, or the OFFICE OF CANNABIS.

**REQUEST NO. 26.** All DOCUMENTS concerning any contact, request, or complaint by DATTANI, Duncan MacDonald, Brian Kandel, or any of their agents to or about the OFFICE OF CANNABIS, the Planning Department, the United States Trustee, or any City agency, concerning CALLAWAY, any CALLAWAY ENTITY, or CALLAWAY'S CANNABIS LICENSE/APPLICATIONS.

**REQUEST NO. 27.** All DOCUMENTS concerning the administrative hold placed on CALLAWAY'S cannabis applications, including any COMMUNICATION bearing on the reasons for, the timing of, or the continuation of that hold.

**REQUEST NO. 28.** All DOCUMENTS concerning any coordination, agreement, or shared effort between YOU and DATTANI concerning CALLAWAY'S CANNABIS LICENSE/APPLICATIONS.

**Category 8: The Dattani Lease and the Laguna Hayes Leases**

**REQUEST NO. 29.** All DOCUMENTS and COMMUNICATIONS concerning the DATTANI LEASE, or concerning the relationship between the DATTANI LEASE and any lease or letter of intent for a LAGUNA HAYES PROPERTY.

**REQUEST NO. 30.** All DOCUMENTS and COMMUNICATIONS concerning the reasons for, the timing of, or the structuring of any lease or letter of intent between YOU and CALLAWAY for a LAGUNA HAYES PROPERTY, including any discussion of CALLAWAY'S existing tenancy at 500 LAGUNA.

**Category 9: Niles Lienhart**

**REQUEST NO. 31.** All COMMUNICATIONS between YOU and NILES LIENHART concerning CALLAWAY, any CALLAWAY ENTITY, the LAGUNA HAYES PROPERTIES, 500 LAGUNA, or any CANNABIS LICENSE/APPLICATION.

**Category 10: Callaway's Investors and the Callaway Entities**

Case: 26-03016    Doc# 43    Filed: 07/22/26    Entered: 07/22/26 15:50:40    Page 12 of 14

Exhibit A - Documents to Be Produced (Subpoena to Joseph Theisen and Laguna Hayes Partners, LLC)
Adv. Proc. No. 26-03016-DM; Case No. 24-30082-DM

**REQUEST NO. 32.** All DOCUMENTS in YOUR possession, custody, or control concerning any investor, lender, or capital contributor to Mr. C's LLC, Calilion LLC, or The Van Ness Bureau LLC.

**REQUEST NO. 33.** All DOCUMENTS concerning the ownership, management, or membership of any CALLAWAY ENTITY that YOU received or reviewed in connection with any tenancy at the LAGUNA HAYES PROPERTIES.

**Category 11: The Dattani State-Court Action, Prior Productions, and Deposition Transcripts**

**REQUEST NO. 34.** All DOCUMENTS YOU produced, received, or exchanged in the DATTANI ACTION concerning CALLAWAY, any CALLAWAY ENTITY, 500 LAGUNA, the LAGUNA HAYES PROPERTIES, or any CANNABIS LICENSE/APPLICATION.

**REQUEST NO. 35.** All COMMUNICATIONS concerning the production, collection, or withholding of DOCUMENTS about CALLAWAY in the DATTANI ACTION.

**REQUEST NO. 36.** All deposition transcripts in YOUR possession, custody, or control taken in the DATTANI ACTION or in any related proceeding, including the transcript of the deposition of Himanshu Khatri, together with all exhibits, errata, videorecordings, and reporter certifications, and all COMMUNICATIONS concerning the ordering, purchase, or sharing of any such transcript.

**Category 12: Settlement and Related Negotiations**

**REQUEST NO. 37.** All DOCUMENTS concerning any settlement discussion, negotiation, or agreement between YOU and DATTANI that references CALLAWAY, any CALLAWAY ENTITY, 500 LAGUNA, the LAGUNA HAYES PROPERTIES, or any CANNABIS LICENSE/APPLICATION.

Dated: _____July 22_____, 2026

Case: 26-03016    Doc# 43    Filed: 07/22/26    Entered: 07/22/26 15:50:40    Page 13 of

Exhibit A - Documents to Be Produced (Subpoena to Joseph Theisen and Laguna Hayes Partners, LLC)
Adv. Proc. No. 26-03016-DM, Case No. 24-30082-DM

CHRISTOPHER MICHAEL CALLAWAY

Plaintiff, In Pro Per

Case: 26-03016     Doc# 43     Filed: 07/22/26     Entered: 07/22/26 15:50:40     Page 14 of

Exhibit A - Documents to Be Produced (Subpoena to Joseph Theisen and Laguna Hayes Partners, LLC)
Adv. Proc. No. 26-03016-DM; Case No. 24-30082-DM