**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO**

| | |
|---|---|
| In re:<br><br>CHRISTOPHER MICHAEL CALLAWAY,<br><br>Debtor. | Case No. 24-30082 (DM)<br><br>Chapter 7<br><br>Adv. Proc. No. 26-03016 |
| CHRISTOPHER MICHAEL CALLAWAY,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | **STIPULATION FOR PROTECTIVE ORDER** |

Christopher Michael Callaway ("Plaintiff") and the City and County of San Francisco (the "Defendant") enter into and jointly submit this Stipulation for Protective Order (the "Stipulation") and agree to be bound by the terms and conditions set forth herein, which will hereafter be submitted for issuance of a protective order consistent with the terms hereof (the "Protective Order").

1. PURPOSES AND LIMITATIONS.

This Stipulation shall govern all documents or information produced or disclosed in this action by any Plaintiff, Defendant, or Non-Party. Discovery in this action is likely to involve production of information that one or more parties contends is confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the Protective Order submitted with this Stipulation. The parties acknowledge that this Stipulation does not confer blanket protections on all disclosures or

responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulation does not entitle them to file confidential information under seal; Civil Local Rule 79-5, made applicable to this case by Bankruptcy Local Rule 1001-2(a), sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS.

a. Confidential information or items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

b. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

c. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

d. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

e. Party: any party to this action, including all of its officers, directors, employees, consultants, and counsel of record.

f. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

g. Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

h. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE.

The protections conferred by this Stipulation and any Protective Order that issues hereon cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and the Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulation, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulation shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL.

5.1 Manner and Timing of Designations. Except as otherwise provided in this Stipulation, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulation must be clearly so designated before the material is disclosed or produced. In addition, any non-party who designates materials pursuant to this Stipulation,

including, without limitation, any third-party subpoena recipient, must also execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

(a) Information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings). The Designating Party must prominently affix the legend "CONFIDENTIAL" to each page that contains protected material. When electronically stored information is produced in native format, the producing party shall designate such documents by producing a slip-sheet with a Bates-label and a designation and shall provide information (*e.g.*, in a load file) that will enable the receiving party to associate the native file with the slip-sheet. The party receiving such native files shall then be responsible for labeling any reproductions or printouts, whether electronic or paper, of all or a portion of such native files with the applicable designation.

(b) Testimony given in deposition or in other pretrial or trial proceedings. The Designating Party must identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty (30) days after receiving the transcript of the deposition, hearing, or other proceeding, designate portions of the transcript, or exhibits thereto, as Confidential. Any deposition exhibit that was marked "CONFIDENTIAL" at the time of production, and which still bears that mark at the time of its use in a deposition, shall be presumed to fall within the provisions of this Stipulation without further designation. All deposition testimony shall be deemed as Confidential until thirty (30) days after the parties receive the final transcript for the deposition, hearing, or other proceeding. Thereafter, only those portions of deposition transcripts designated in accordance with this paragraph shall be protected as Confidential and pending objection, under the terms of this Stipulation.

(c) Other tangible items. The Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.2 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulation.

5.3 Alterations to Designations. To the extent that the Designating Party elects to or is ordered to alter the confidentiality designation for any Confidential material, the Designating Party shall re-produce the material to reflect its updated designation.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Parties must make every attempt to resolve any dispute regarding designations without court involvement.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality under Civil Local Rule 7 and Bankruptcy Rule 7007-1. The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material at issue in keeping with its designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL.

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

Docusign Envelope ID: FB1868AC-717E-8125-80A5-7E67F616A703

defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation. Such Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation.

7.2 Disclosure of Confidential Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated Confidential only to:

(a) the Receiving Party's counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) consultants to whom disclosure is reasonably necessary for this litigation;

(d) the Court, court personnel, and court reporters and their staff;

(e) copy or imaging services or third-party eDiscovery service providers, retained to assist in the duplication, processing, review and analysis of Confidential material, provided that counsel for the party retaining the service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any other person or entity to which the parties agree in writing.

Docusign Envelope ID: FB1868AC-717E-8125-80A5-7E67F616A703

7.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 (made applicable to adversary proceedings through Bankruptcy Local Rule 1001-2), a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation. Such notification shall include a copy of this Stipulation; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Confidential before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.


Case: 26-03016 Doc# 49 Filed: 08/20/26 Entered: 08/20/26 21:50:36 Page 7 of 11

Docusign Envelope ID: FB1868AC-717E-8125-80A5-7E67F616A703

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

When it becomes reasonably apparent to the Receiving Party that it has received material that has been inadvertently produced and which is subject to a claim of privilege or other protection, the Receiving Party must refrain from examining the writing any more than is necessary to determine that it is privileged or otherwise protected, promptly notify the Producing Party, and promptly return the material and any copies it has to the Producing Party. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the Receiving Party must promptly return the material to the Producing Party and any copies it has, refrain from examining the writing any more than necessary to effectuate its return, and otherwise comply with Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Federal Rule of Evidence 502(d) as set forth herein.

11. NON-TERMINATION AND RETURN OF DOCUMENTS.

Within sixty (60) days after the termination of this action, including all appeals, each Receiving Party must destroy or return all Protected Material to the Producing Party, including all copies, extracts and summaries thereof. The parties may agree upon appropriate methods of destruction in lieu of return. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same

person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel, or a Party appearing without counsel, are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, documents on any exhibit list exchanged for any evidentiary hearing, any documents offered into evidence, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

The confidentiality obligations imposed by this Stipulation shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise. The termination of the above-captioned proceeding shall not relieve any person or entity obligated hereunder from their responsibility to maintain the confidentiality of any Protected Material pursuant to this Stipulation. If any party appeals a decision of the Court relating to matters in this proceeding for which the record on appeal contains or discloses Protected Material, then the parties thereto will file a joint application to the appellate court, unless otherwise objected to, within ten (10) business days of the filing of the notice of appeal, to maintain under seal the documents filed with the Court that contain or disclose Protected Material.

Nothing in this Stipulation shall be construed as an admission of any fact or of liability of any kind. The parties agree that this Stipulation shall not be admitted as evidence in any proceeding, including at any deposition or at trial, except to enforce the provisions herein. The terms and limitations of this Stipulation shall not be modified or deviated from except upon written stipulation by counsel for the parties, or by order of this Court.

12. <u>THIRD PARTIES</u>.

Third parties from whom discovery is sought in this case may be added as parties to this Stipulation and obtain the protection of this Stipulation by completing the acknowledgment in the form attached as Exhibit A.

Docusign Envelope ID: FB1868AC-717E-8125-80A5-7E67F616A703

IT IS SO STIPULATED.

Dated: August 20, 2026

DocuSigned by:
Christopher Callaway
5CCA24C4DC7B42E...
Plaintiff

Dated: August 20, 2026

*/s/ Melissa Y. Boey*
Melissa Y. Boey (SBN 292276)
MORGAN, LEWIS & BOCKIUS LLP
*Attorneys for the City and County of San Francisco*

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________________ [print or type full name], of ______________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the *Stipulation for Protective Order* (the "Stipulation"), and any resulting protective order that has been issued by the United States Bankruptcy Court for the Northern District of California on the Stipulation (the "Protective Order") in the case of *Christopher Michael Callaway v. City and County of San Francisco*, Case No. 26-ap-03016. I agree to comply with and to be bound by all the terms of the Stipulation and Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of this Stipulation.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Northern District of California for the purpose of enforcing the terms of the Stipulation and Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _________________

City and State where sworn and signed: _________________

Printed name: _________________

Signature: _________________