**CHRISTOPHER MICHAEL CALLAWAY**
Plaintiff, In Pro Per
2489 15th Street
San Francisco, CA 94114
Telephone: (415) 802-6160
Email: chris1callaway@gmail.com

FILED

OCT 19 2026

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In Re:

CHRISTOPHER MICHAEL CALLAWAY,
Debtor.

CHRISTOPHER MICHAEL CALLAWAY,
Plaintiff,
v.
CITY AND COUNTY OF SAN FRANCISCO,
Defendant.

Case No. 24-30082 (DM)
Chapter 7
Adv. Proc. No. 26-03016

**PLAINTIFF'S REQUEST FOR LEAVE TO FILE A LIMITED RESPONSE TO NEW MATTER IN DEFENDANT'S REPLY (B.L.R. 9013-1(e))**

Date: October 23, 2026
Time: 10:00 a.m.
Place: Courtroom 17
450 Golden Gate Ave.
San Francisco, CA
Judge: Hon. Dennis Montali

Plaintiff Christopher Michael Callaway requests leave under Bankruptcy Local Rule 9013-1(e) to file the limited response attached as Attachment 1, with the three documents attached as Exhibits A through C to the accompanying declaration, in answer to two factual assertions that appear for the first time in Defendant's Reply in Support of Its Motion for Summary Judgment (Doc. 63), filed October 16, 2026.

The first is footnote 5 of the Reply, at page 12: "The OOC had first learned, from a third party in February 2025, of the possibility that the LLC Interests might be sold, and thereafter sought clarification from Plaintiff on this issue." The second is at page 16, lines 5 through 12: that the Office of Cannabis "has already testified regarding the limited extent of its knowledge" of the Trustee's sale of Plaintiff's

interest in Grassy Castro, LLC, and that there is a "factual distinction" between that sale and the processing of Plaintiff's pending applications. Neither statement is in the Motion (Doc. 44) or the Declaration of Ray Law (Doc. 44-1). Plaintiff could not have answered them in the Opposition (Doc. 46) or the Supplemental Opposition (Doc. 58).

The response is confined to those two passages. It offers three documents, each written or produced by the City: the Office of Cannabis's December 2024 and January 2025 correspondence with Eureka Sky about the Trustee's sale (Public Record 326, produced by the Office to Plaintiff); the Office's January 24, 2024 written answer to Plaintiff's questions about transferring his interests ahead of his bankruptcy; and the Office's January 13 through 15, 2025 exchange with Kaushik Dattani about buying Plaintiff's interest out of the estate (Public Record 81, produced by the Office to Plaintiff). The response makes no argument beyond what the documents show.

Plaintiff does not ask to reargue the motion. If the Court prefers to take these points up at the hearing on October 23, 2026, Plaintiff will do so, and asks only that the three exhibits be received so that the record on which the Court rules includes them.

Dated: October 19, 2026

Respectfully submitted,

**CHRISTOPHER MICHAEL CALLAWAY**

Plaintiff, In Pro Per

**CHRISTOPHER MICHAEL CALLAWAY**
Plaintiff, In Pro Per
2489 15th Street
San Francisco, CA 94114
Telephone: (415) 802-6160
Email: chris1callaway@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In Re:<br><br>CHRISTOPHER MICHAEL CALLAWAY,<br>Debtor.<br>________________________________<br>CHRISTOPHER MICHAEL CALLAWAY,<br>Plaintiff,<br>v.<br>CITY AND COUNTY OF<br>SAN FRANCISCO,<br>Defendant. | Case No. 24-30082 (DM)<br>Chapter 7<br>Adv. Proc. No. 26-03016<br><br>**ATTACHMENT 1**<br>**PLAINTIFF'S LIMITED RESPONSE TO NEW MATTER IN DEFENDANT'S REPLY (LODGED WITH REQUEST FOR LEAVE)**<br><br>Date: October 23, 2026<br>Time: 10:00 a.m.<br>Place: Courtroom 17<br>450 Golden Gate Ave.<br>San Francisco, CA<br>Judge: Hon. Dennis Montali |

**1. The Office's knowledge of the Trustee's sale was not limited (Reply at 16:5-6).**

The Reply states that the Office of Cannabis "has already testified regarding the limited extent of its knowledge of this sale," citing the City's interrogatory responses at 7:21 to 8:2 and paragraph 11 of the Law Declaration. Reply at 16:5-6. Neither source mentions the Grassy Castro sale. The interrogatory response concerns a February 4, 2025 email and a June 10, 2025 call; paragraph 11 concerns June 2025. Supp. Decl. (Doc. 59) Ex. A at 7:21-8:2; Law Decl. ¶ 11.

What the Office knew about the sale is in its own file. Exhibit A is Public Record 326, a thread the Office produced to Plaintiff. On December 12, 2024, Eureka Sky's principal wrote to Director Patel,

Senior Deputy Director Law, and Mr. Schwartz: "We're finally at the end of Chris Callaway's bankruptcy. Chris's equity was put out for bid, and we have been working with our attorney and the Trustee's on moving forward to acquire Chris's 40% equity in Eureka Sky," attaching three documents, the first of them "Callaway's Amended Motion regarding Sale." Decl. Ex. A at 3-4. On December 17, 2024, Mr. Law replied: "Thank you for sharing the updates, and submitting the permit amendment request associated with Eureka Sky. We will take your request under submission." *Id.* at 3. On January 3, 2025, the Office's analyst, copying Mr. Law, Director Patel, and Mr. Schwartz, wrote: "Since the bankruptcy proceedings will inform the next steps of this permit amendment request, kindly please provide an update on the proceedings and the auction." *Id.* at 1. On January 7, 2025, Eureka Sky reported the result of the auction. *Id.* at 1.

So in December 2024 the Director, the Senior Deputy Director, and Mr. Schwartz received the Trustee's sale motion, took a permit amendment request founded on that sale "under submission," and asked to be kept informed of the auction. The Office was processing a trustee's sale of an equity interest in a permitted business. It placed no hold on anything. Plaintiff had told the same three officials in writing the same day that the interest was "part of my estate and subject to bankruptcy laws." Supp. Decl. Ex. E. The Court approved the sale on January 24, 2025 and the transfer on April 18, 2025, each over the objection of Mr. Dattani's trust. *In re Callaway*, No. 24-30082, Dkt. 63, 76.

**2. The "third party" of February 2025 had written to the Office in January (Reply at 12 n.5).**

Footnote 5 says the Office "first learned, from a third party in February 2025, of the possibility that the LLC Interests might be sold." The City's verified interrogatory response identifies that third party as Kaushik Dattani and the communication as his February 4, 2025 email. Supp. Decl. Ex. A at 7:21-23. The same responses state that Mr. Law and Mr. Dennis were aware from "a piece of correspondence sent from Kaushik Dattani to Ray Law, Scott Dennis, and the general OOC mailbox on January 14, 2025" that Mr. Dattani was interested in acquiring Plaintiff's Grassy Castro interest. *Id.* at 9:9-14.

Exhibit C is that correspondence, as the Office produced it to Plaintiff. On January 13, 2025, Mr. Dennis offered Mr. Dattani a call "to review some of your questions regarding investing in a cannabis business." Decl. Ex. C at 3. On January 14, 2025, Mr. Dattani wrote, copying Mr. Law and the Office inbox:



Case: 26-03016 Doc# 64 Filed: 10/19/26 Entered: 10/20/26 08:21:49 Page 4 of 24

"Related to the sale of assets of Mr Callaway, his share of 40% equity stake in the Eureka Sky Cannabis business in Castro is being auctioned off. ... If I were to buy Callaway's share, would I be allowed by the Cannabis Board as a legitimate partner in that business?" *Id.* at 3. On January 15, 2025, Mr. Dennis answered, copying Mr. Law and the Office inbox, in four numbered points on how Mr. Dattani could acquire the interest, closing: "should you acquire the outstanding 40% of an Equity Business, the business will need to make Equity Commitments." *Id.* at 2. The possibility that Plaintiff's interests would be sold out of the estate to a creditor was before the Office in writing in January 2025, from the creditor himself, and the Office answered his question. The February email the Reply relies on came from the same person three weeks later.

**3. The Office's written position before the petition was that a transfer is approved while the business stays open (Reply at 16:9-12).**

The Reply distinguishes "the sale of a minority interest in an active business that already had a permit" from "the continued processing of Plaintiff's pending Applications." Reply at 16:9-12. Exhibit B is the Office's own answer to the question of what a transfer of Plaintiff's interests would mean. On January 22, 2024, three weeks before the petition, Plaintiff wrote to Mr. Dennis, Mr. Law, and Mr. Schwartz: "This matter is highly time sensitive due to my impending bankruptcy," and asked whether he could transfer his Eureka Sky and Caliverde interests and whether the stores could remain open. Decl. Ex. B at 1. On January 24, 2024, Mr. Dennis answered in writing, copying Mr. Law and Mr. Schwartz: the 40% Eureka Sky stake could be transferred "to any individual, subject to the approval by the OOC"; the Caliverde interest was restricted above 49.99% until 2026 under section 1608(c)(5); and "Both stores may stay open during the ownership transfer." *Id.* at 1-2.

That is the Office's own statement of how a change in the ownership of Plaintiff's interests is handled: by approval under the Police Code, with the business operating in the meantime. It was given with written notice of the impending bankruptcy, to the three officials whose later emails the City relies on. It is not a hold, and it draws no distinction between a permitted business and a pending application. Whether the distinction the Reply now draws was the reason the Office acted in 2025, or a reason supplied for this motion, is a question of fact. Plaintiff asks that Exhibits A, B, and C be received and considered with the


Case: 26-03016 Doc# 64 Filed: 10/19/26 Entered: 10/20/26 08:21:49 Page 5 of 24

papers already on file.

Dated: October 19, 2026

Respectfully submitted,

CHRISTOPHER MICHAEL CALLAWAY

Plaintiff, In Pro Per



Case: 26-03016 Doc# 64 Filed: 10/19/26 Entered: 10/20/26 08:21:49 Page 6 of 24

**CHRISTOPHER MICHAEL CALLAWAY**
Plaintiff, In Pro Per
2489 15th Street
San Francisco, CA 94114
Telephone: (415) 802-6160
Email: chris1callaway@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In Re:<br><br>CHRISTOPHER MICHAEL CALLAWAY,<br>Debtor.<br>___<br>CHRISTOPHER MICHAEL CALLAWAY,<br>Plaintiff,<br>v.<br>CITY AND COUNTY OF SAN FRANCISCO,<br>Defendant. | Case No. 24-30082 (DM)<br>Chapter 7<br>Adv. Proc. No. 26-03016<br><br>**DECLARATION OF CHRISTOPHER MICHAEL CALLAWAY IN SUPPORT OF REQUEST FOR LEAVE TO FILE LIMITED RESPONSE**<br><br>Date: October 23, 2026<br>Time: 10:00 a.m.<br>Place: Courtroom 17<br>450 Golden Gate Ave.<br>San Francisco, CA<br>Judge: Hon. Dennis Montali |

I, Christopher Michael Callaway, declare:

1. I am the Plaintiff in this adversary proceeding and appear in pro per. I have personal knowledge of the matters stated here and could testify to them.

2. Exhibit A is a true copy of the document the Office of Cannabis produced to me under the file name "Public Record 326" in the production it delivered by email on April 16, 2026, captioned "Response to March 2, 2026 Public Records Request," which the Office described as courtesy copies of records provided to the other party in this litigation and records previously provided to me in response to my public records requests. It is a five-page email thread dated December 12, 2024 through January 7, 2025,

between Romwald Connolly of Eureka Sky and Office of Cannabis staff. The Office redacted certain email addresses before producing it; I have made no other change.

3. Exhibit B is a true printout from my Gmail account of two messages in the thread titled "Equity Permit Transfer": my email of January 22, 2024 to the Office of Cannabis, Ray Law, Scott Dennis, and Jeremy Schwartz, and Mr. Dennis's reply of January 24, 2024. Each message is shown once, in the order sent, with the quoted history that the reply repeats omitted. Later messages in the same thread concern scheduling and other subjects and are not included.

4. Exhibit C is a true copy of the document the Office of Cannabis produced to me under the file name "C. Callaway Public Record 81" in the same April 16, 2026 production (Folder 3). It is a four-page printout of an email exchange between Scott Dennis of the Office of Cannabis and Kaushik Dattani dated January 13 through January 15, 2025, with Ray Law and the Office of Cannabis mailbox copied. I have made no change to it.

5. None of Exhibits A, B, or C is attached to Docket Nos. 44, 46, 58, 59, or 61. The two statements in the Reply that these exhibits answer, at page 12 note 5 and page 16 lines 5 through 12, do not appear in the Motion or in the Declaration of Ray Law.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 19, 2026, at San Francisco, California.

**CHRISTOPHER MICHAEL CALLAWAY**

Plaintiff, In Pro Per

# EXHIBIT A

Public Record 326, produced by the Office of Cannabis April 16, 2026

Email thread, Eureka Sky and Office of Cannabis, December 12, 2024 to January 7, 2025

**From:** [redacted]
**To:** Ramirez, Evelin (ADM)
**Cc:** [redacted]; Law, Ray (ADM); Patel, Nikesh (ADM); Schwartz, Jeremy (ADM); Office of Cannabis (ADM)
**Subject:** Re: Eureka Sky"s Equity Commitment - Chris Callaway"s Equity Court Sale
**Date:** Tuesday, January 7, 2025 12:21:10 PM

---

Hi Evelin,

We had a nice relaxing holiday and hope you did also.

We've had an awfully stressful time with Chris's bankruptcy. We attended an auction for his 40% equity and were out bid. The high bidder won after running the amount up to $220k. We don't have that kind of money to purchase Chris's equity.

What alarmed our lawyer is the individual who ran the bid up so high against Desmond and I never requested any financials nor has ever visited EurekaSky. Since we check ever single person in, what's alarming to everyone involved is who would spend that kind of money and never see the shop. Really very alarming all around.

Our attorney thinks if the high bidder doesn't pay the equity will go back to Chris. We've asked to submit another bid in the event the alarming bidder doesn't pay but the trustee didn't give us a response on our request.

I wish we had better news to share but unfortunately, a stranger may purchase his equity, and we'll still need approval ou our equity proposal we submitted. I will keep you posted as more information is provided to us. I wish I had better news.

Kind regards,

R

**RayRay**
Founder
EurekaSky.com
SeaWeedsf.com
415 706 7759

---

**From:** Ramirez, Evelin (ADM) <evelin.ramirez@sfgov.org>
**Sent:** Friday, January 3, 2025 2:34 PM
**To:** Romwald Connolly [redacted]
**Cc:** Desmond Morgan [redacted]; Law, Ray (ADM) <ray.law@sfgov.org>; Patel, Nikesh (ADM) <nikesh.patel@sfgov.org>; Schwartz, Jeremy (ADM) <jeremy.schwartz@sfgov.org>;

Office of Cannabis (ADM) <officeofcannabis@sfgov.org>
**Subject:** RE: Eureka Sky's Equity Commitment - Chris Callaway's Equity Court Sale

Hi Romwald,

I hope you had a great holiday season. Thank you for submitting the permit amendment request on behalf of Eureka Sky. Since the bankruptcy proceedings will inform the next steps of this permit amendment request, kindly please provide an update on the proceedings and the auction.

I look forward to your follow-up.

Warm regards,

Evelin Ramirez
She/Her
Administrative Permit Analyst
Office of Cannabis
City and County of San Francisco
www.officeofcannabis.sfgov.org

**CONFIDENTIALITY NOTICE**
This email message and attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use or distribution of the information included in this message and any other attachments is prohibited. If you received this communication in error, please notify the sender immediately and permanently delete or otherwise destroy the information.

**From:** Romwald Connolly [redacted]
**Sent:** Tuesday, December 17, 2024 9:14 AM
**To:** Law, Ray (ADM) <ray.law@sfgov.org>; Patel, Nikesh (ADM) <nikesh.patel@sfgov.org>; Schwartz, Jeremy (ADM) <jeremy.schwartz@sfgov.org>; Ramirez, Evelin (ADM) <evelin.ramirez@sfgov.org>
**Cc:** Desmond Morgan [redacted]
**Subject:** Re: Eureka Sky's Equity Commitment - Chris Callaway's Equity Court Sale

Morning Ray,

Thank you for the update and happy holidays.

We'll wait to hear from Evelin.

Kind regards,

R

**RayRay**
Founder
EurekaSky.com
SeaWeedsf.com
415 706 7759

---

**From:** Law, Ray (ADM) <ray.law@sfgov.org>
**Sent:** Tuesday, December 17, 2024 8:59 AM
**To:** Romwald Connolly [redacted]; Patel, Nikesh (ADM) <nikesh.patel@sfgov.org>; Schwartz, Jeremy (ADM) <jeremy.schwartz@sfgov.org>; Ramirez, Evelin (ADM) <evelin.ramirez@sfgov.org>
**Cc:** Desmond Morgan [redacted]
**Subject:** RE: Eureka Sky's Equity Commitment - Chris Callaway's Equity Court Sale

Hi Romwald,

Thank you for sharing the updates, and submitting the permit amendment request associated with Eureka Sky.

We will take your request under submission. My colleague Evelin Ramirez, who is copied in this message, will be in touch with you.

Happy Holidays,
Ray

Ray Law
Senior Deputy Director
Office of Cannabis | 三藩市大麻監管辦公室
49 South Van Ness

San Francisco, CA 94103
City & County of San Francisco
officeofcannabis.sfgov.org

**From:** Romwald Connolly [redacted]
**Sent:** Thursday, December 12, 2024 7:32 PM
**To:** Patel, Nikesh (ADM) <nikesh.patel@sfgov.org>; Law, Ray (ADM) <ray.law@sfgov.org>; Schwartz, Jeremy (ADM) <jeremy.schwartz@sfgov.org>
**Cc:** Desmond Morgan [redacted]

**Subject:** Eureka Sky's Equity Commitment - Chris Callaway's Equity Court Sale

This message is from outside the City email system. Do not open links or attachments from untrusted sources.

Hi Nikesh, Ray and Jeromy,

Hope each of you and your families are doing well and enjoying the holiday season.

We're finally at the end of Chris Callaway's bankruptcy. Chris's equity was put out for bid, and we have been working with our attorney and the Trustee's on moving forward to acquire Chris's 40% equity in Eureka Sky.

Attached are 3 documents related to this process:

1. Callaway's Amended Motion regarding Sale
2. Callaway Buyers Declaration
3. Notice of Callaway Sale

We have a couple more steps to go through before the sale is final. Creditors have 21 days from the date of notice (November 29) or Dec 20. If there is an objection filed, the trustee has to set a hearing and give the parties at least 7 days' notice of the hearing, which is subject to the Court's availability. That will put the earliest date a hearing could be held to Dec 28. If there are no over bids against our offer, no objections filed, and no auction the trustee can upload an order after Dec 22, where the court can likely sign it shortly after. Our attorney has shared that there may be another party who may try and outbid us and put us in a bidding war. After 9 months, we hope that doesn't transpire.

In preparation for things moving forward smoothly, we've attached Eureka Sky's Equity Commitment for our Ownership Transfer. I'm also attaching our 2023 Tax Return's and our P&L per the requirements and for your review.

This has been an extremely stressful time for us, and we hope to put this behind us in the coming new year. Please let Desmond and I know if you need us to expand on our commitment document or if you need additional information.

Let us know if you'd like to schedule a follow up call.

Kind regards,

R

**RayRay**
Founder
EurekaSky.com
SeaWeedsf.com
415 706 7759

# EXHIBIT B

Email thread "Equity Permit Transfer"
Christopher Callaway and Scott Dennis, January 22 and 24, 2024

# EXHIBIT B

Email thread: "Equity Permit Transfer"

Christopher Callaway and Scott Dennis, Office of Cannabis, January 22 and January 24, 2024

*Messages of this thread, each shown once in the order sent, with the quoted history repeated in each reply omitted. Times are Pacific.*

---

**From:** Chris Callaway <chris1callaway@gmail.com>
**Date:** Mon, Jan 22, 2024, 11:04 AM PST
**To:** San Francisco Office of Cannabis <officeofcannabis@sfgov.org>, "Law, Ray (ADM)" <ray.law@sfgov.org>, "Dennis, Scott (ADM)" <scott.dennis@sfgov.org>, "Schwartz, Jeremy (ADM)" <jeremy.schwartz@sfgov.org>
**Cc:** Ken Seligson <ken@seligsonlaw.com>
**Subject:** Equity Permit Transfer

Hi Scott and Ray,

I have a few questions in regards to selling / transferring my equity ownership interest in Eureka Sky and Outer Haze. Would it be possible to jump on a call in the next day or so to discuss? This matter is highly time sensitive due to my impending bankruptcy.

Here are the questions in advance:

-Since the Eureka Sky application is more than 5 years old, can I sell/transfer my entire 40% stake to a non-equity individual?
-What commitments would Eureka Sky need to make to the equity program if that happened?

-Can I sell / transfer my ownership interest in Caliverde / Outer Haze to another equity applicant who would hold a 20% equity stake?
-Can the store remain open during this transition period?

Thanks,

Chris Callaway

---

**From:** "Dennis, Scott (ADM)" <scott.dennis@sfgov.org>
**Date:** Wed, Jan 24, 2024, 3:59 PM PST
**To:** Chris Callaway <chris1callaway@gmail.com>, "Office of Cannabis (ADM)" <officeofcannabis@sfgov.org>, "Law, Ray (ADM)" <ray.law@sfgov.org>, "Schwartz, Jeremy (ADM)" <jeremy.schwartz@sfgov.org>
**Cc:** Ken Seligson <ken@seligsonlaw.com>
**Subject:** RE: Equity Permit Transfer

Hi Chris,

Thank you for reaching out with these questions. I believe we have spoken about this process over the phone on previous occasions, but to provide written answers to your questions:

1. Since it has been over 5 years since the application submission date you are able to transfer your entire 40% stake in Eureka Sky to any individual, subject to the approval by the OOC.
2. Please refer to Section 1608(c)(9)<https://codelibrary.amlegal.com/codes/san_francisco/latest/sf_police/0-0-0-50123#JD_1608> for more information about equity commitments should your ownership transfer result in less than 20% of Eureka Sky being owned by a Verified Equity Applicant. These commitments will range from direct investment into community organizations to providing technical assistance of rent-free space; there are

multiple pathways outlined in that section of the code.
3. It has not been five years since the date of application submission for your cannabis business permit at 928 Van Ness, and as such the provisions under 1608(c)(5) would still apply. This will restrict your ability to sell any ownership percentage above 49.99% until 2026.
4. Both stores may stay open during the ownership transfer.

Let me know if you have any additional questions.

Best,

Scott Dennis (He/Him)
Administrative Permit Analyst
Office of Cannabis, City & County of San Francisco

# EXHIBIT C

C. Callaway Public Record 81, produced by the Office of Cannabis April 16, 2026

Email exchange, Scott Dennis and Kaushik Dattani, January 13 to 15, 2025

Outlook

## RE: Recent Voicemail

**From** Dennis, Scott (ADM) <scott.dennis@sfgov.org>
**Date** Wed 1/15/2025 5:03 PM
**To** Kaushik Dattani <kaushik@dattani.net>
**Cc** Law, Ray (ADM) <ray.law@sfgov.org>; Office of Cannabis (ADM) <officeofcannabis@sfgov.org>

Hi Mr. Dattani,

Thanks for reaching out with your question. We are not involved in the bankruptcy case, and as such are not privy to the details of the ongoing litigation.

That said, as far as transferring ownership of a cannabis business, and how it relates to Eureka Sky:

1. Any Person can apply to be an owner of a cannabis business in San Francisco, provided that they meet, among other things, the following:

    - They pass a criminal background check.
    - They do not already hold a legal or beneficial interest in 4 other cannabis businesses.
    - Their purchase agreement complies with all applicable law.

2. Eureka Sky is an Equity Business, which stipulates that a certain percentage of the business must be owned by an Equity Applicant as sets forth in Section 1604 (b) of San Francisco Police Code. Typically, the floor for Equity Ownership in San Francisco is 40%, but after a certain time limit the business can choose to dilute that ownership down to 20% or below.

3. If an Equity Applicant does not hold a percentage that totals above 20%, the business will need to make certain Equity Commitments in order to continue operating in San Francisco, pursuant to Section 1608 (c) (9) of SFPC.

4. As such, considering you are not an Equity Applicant, you should keep in mind that should you acquire the outstanding 40% of an Equity Business, the business will need to make Equity Commitments.

Please let us know if you have any other questions. We can hop on a call to discuss further if you have additional questions.

Best,

Scott Dennis (He/Him)
Administrative Permit Analyst
*Office of Cannabis, City & County of San Francisco*

**From:** Kaushik Dattani <kaushik@dattani.net>
**Sent:** Tuesday, January 14, 2025 8:18 PM
**To:** Dennis, Scott (ADM) <scott.dennis@sfgov.org>
**Cc:** Law, Ray (ADM) <ray.law@sfgov.org>; Office of Cannabis (ADM) <officeofcannabis@sfgov.org>
**Subject:** Re: Recent Voicemail

This message is from outside the City email system. Do not open links or attachments from untrusted sources.

Scott,

Thank you for your email .I Need to talk to your office with following question and situation I have,

As you are aware my now ex tenant Chris Callawy is no longer my tenant at 500 Laguna Street. His lease expired and he is no longer in possession of my space.

Callaway owes me over 2 million $. He filed for Bankruptcy and we have a rogue judge letting the bankruptcy go through ,despite Federal ban on Cannabis

Related to the sale of assets of Mr Callaway, his share of 40% equity stake in the Eureka Sky Cannabis business in Castro is being auctioned off. That business has been opened and in business for 7+ years. If I were to buy Callaway's share , would I be allowed by the Cannabis Board as a legitimate partner in that business? The other 60% partner will remain in place and I will inherit the legal state of minority interest.

Please email me your thoughts and opinions..The auction is on 1/17 ,so your response will be appreciated asap/

Kaushik Dattani
Dattani & Co -CPAs

T - 415 546 1238
F - 415 546 1421
M - 415 724 0888

On Mon, Jan 13, 2025 at 3:20 PM Dennis, Scott (ADM) <scott.dennis@sfgov.org> wrote:

> Hi Mr. Dattani,
>
> Thanks for reaching out to the Office of Cannabis. I tried to give you a call back at (415) 724 – 0888, but for some reason the call would not connect.
>
> I just wanted to reach back to you to get the ball rolling on scheduling a call. Please let me know if you have some availability in the next few days, and I'd be happy to schedule a call to review some of your questions regarding investing in a cannabis business.

This would most likely be over Zoom, so once we can settle on a date/time I will send you a link to access the call from your computer.

Best,

Scott Dennis (He/Him)
Administrative Permit Analyst
*Office of Cannabis, City & County of San Francisco*

**CHRISTOPHER MICHAEL CALLAWAY**
Plaintiff, In Pro Per
2489 15th Street
San Francisco, CA 94114
Telephone: (415) 802-6160
Email: chris1callaway@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In Re:<br>CHRISTOPHER MICHAEL CALLAWAY,<br>Debtor. | Case No. 24-30082 (DM)<br>Chapter 7<br>Adv. Proc. No. 26-03016 |
| CHRISTOPHER MICHAEL CALLAWAY,<br>Plaintiff,<br>v.<br>CITY AND COUNTY OF SAN FRANCISCO,<br>Defendant. | **CERTIFICATE OF SERVICE**<br><br>Date: October 23, 2026<br>Time: 10:00 a.m.<br>Place: Courtroom 17<br>450 Golden Gate Ave.<br>San Francisco, CA<br>Judge: Hon. Dennis Montali |

I, Christopher Michael Callaway, declare that on October 19, 2026, I served the following documents by electronic mail on the persons listed below, at the email addresses at which they have agreed to accept service:

- Plaintiff's Request for Leave to File a Limited Response to New Matter in Defendant's Reply (B.L.R. 9013-1(e)), with Attachment 1 (Plaintiff's Limited Response to New Matter in Defendant's Reply)
- Declaration of Christopher Michael Callaway in Support of Request for Leave to File Limited Response, with Exhibits A through C
- Certificate of Service


Case: 26-03016 Doc# 64 Filed: 10/19/26 Entered: 10/20/26 08:21:49 Page 23 of 24

Melissa Y. Boey, Esq., Morgan, Lewis & Bockius LLP, melissa.boey@morganlewis.com (Counsel for Defendant City and County of San Francisco)

Joshua Dorchak, Esq., Morgan, Lewis & Bockius LLP, joshua.dorchak@morganlewis.com (Counsel for Defendant City and County of San Francisco)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 19, 2026, at San Francisco, California.

**CHRISTOPHER MICHAEL CALLAWAY**

Plaintiff, In Pro Per



Case: 26-03016 Doc# 64 Filed: 10/19/26 Entered: 10/20/26 08:21:49 Page 24 of 24