**CHRISTOPHER MICHAEL CALLAWAY**
Plaintiff, In Pro Per
2489 15th Street
San Francisco, CA 94114
Telephone: (415) 802-6160
Email: chris1callaway@gmail.com

FILED
NOV 17 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In Re:<br>CHRISTOPHER MICHAEL CALLAWAY,<br>Debtor. | Case No. 24-30082 (DM)<br>Chapter 7<br>Adv. Proc. No. 26-03016 |
| CHRISTOPHER MICHAEL CALLAWAY,<br>Plaintiff,<br>v.<br>CITY AND COUNTY OF SAN FRANCISCO,<br>Defendant. | **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS (DKT. 68); DECLARATION OF CHRISTOPHER MICHAEL CALLAWAY (Civil L.R. 54-2; Rule 7054(b)(1))**<br><br>Judge: Hon. Dennis Montali |

Plaintiff Christopher Michael Callaway objects under Civil Local Rule 54-2, made applicable by Bankruptcy Local Rule 1001-2(a), to the Bill of Costs filed by Defendant City and County of San Francisco on November 3, 2026 (Dkt. 68). The bill asks the Clerk to tax $8,276.45, all of it on the line of the form that reads "Costs incident to taking of depositions." Dkt. 68 at 1. It was served by mail on November 3, 2026. *Id.* These objections are timely under Civil L.R. 54-2(a).

No costs should be taxed or allowed. The judgment does not award them (Part I). The circumstances of this case weigh against allowing them (Part II). The bill also claims charges that are not taxable or not documented (Part III).



Case: 26-03016 Doc# 80 Filed: 11/17/26 Entered: 11/17/26 16:12:29 Page 1 of 8

## I. THE JUDGMENT DOES NOT AWARD COSTS

Bankruptcy Rule 7054(b)(1) provides: "The court may allow costs to the prevailing party, unless a federal statute or these rules provide otherwise." The Clerk, "on 14 days' notice, may tax costs, and the court, on motion served within the next 7 days, may review the clerk's action." Fed. R. Bankr. P. 7054(b)(1) (reproduced at Dkt. 68 at 2). The Bankruptcy Appellate Panel reads the rule as written: "Rule 7054(b) is permissive in nature, as it states that the bankruptcy court 'may allow costs.'" *Hosseini v. Key Bank, N.A. (In re Hosseini)*, 504 B.R. 558, 564 (9th Cir. BAP 2013) (emphasis omitted); *see Young v. Aviva Gelato, Inc. (In re Aviva Gelato, Inc.)*, 94 B.R. 622, 624 (9th Cir. BAP 1988) (affirming denial of costs).

The instructions to the form the City used, Form B2630, state: "The clerk will not tax costs unless the judgment signed by the court specifically awards costs to the prevailing party." Instructions, Form B2630, Applicable Law and Rules ¶ 4. The same paragraph states: "The Bankruptcy Rule is different from Fed. R. Civ. P. 54(d), where costs are allowed unless the court orders otherwise." *Id.*

The Order on Motion for Summary Judgment grants the motion and enters final judgment for the City. Dkt. 66 at 1-2. It does not mention costs. Plaintiff therefore asks that the Clerk not tax costs on this bill, and that the question whether to allow costs be decided by the Court.

## II. THE COURT SHOULD DECLINE TO ALLOW COSTS

Even under Civil Rule 54(d)(1), which carries a presumption that Rule 7054(b)(1) does not, the Ninth Circuit recognizes these reasons for denying costs to a prevailing party: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014) (citing *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 592-93 (9th Cir. 2000) (en banc)). A court abuses its discretion when it taxes costs against a losing civil rights plaintiff without considering her limited resources and "the chilling effect of imposing such high costs on future civil rights litigants." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079-80 (9th Cir. 1999).



Case: 26-03016 Doc# 80 Filed: 11/17/26 Entered: 11/17/26 16:12:29 Page 2 of 8

Resources and disparity. Plaintiff is a chapter 7 debtor, represents himself, and is struggling each and every month to make ends meet. Callaway Decl. ¶¶ 2-3. The City's own exhibits show the difference in means. For the one deposition the City took, it claims $8,206.45: a stenographic reporter, a rough draft, and a videographer. Dkt. 68-1 at 4, 7. The two depositions Plaintiff took of City witnesses were remote, by Zoom, and as affordable as possible. Callaway Decl. ¶ 4. The record was made by a certified electronic reporter, and the City's cost for both certified audio copies was $70.00. Dkt. 68-1 at 14. Plaintiff's application at Dkt. 56 describes the difficulty he had in retaining a reporter at all. At the October 23, 2026 hearing the Court's phrase for the parties was "David versus Goliath." Dkt. 76 at 9:20.

Closeness. The motion was decided on the reasons stated from the bench. Dkt. 66 at 1. The Court said: "if I am wrong, obviously my error can be corrected," and "your remedy here is an appeal if you choose to do it." Dkt. 76 at 8:17-18, 11:24-25. Plaintiff filed a notice of appeal on November 6, 2026, and the appeal has been referred to the Bankruptcy Appellate Panel. Dkt. 70, 71.

Importance and chilling effect. Section 525(a) protects persons who are or have been debtors under the Bankruptcy Code from discrimination by governmental units. The only people who can enforce it are people who have been through bankruptcy. A cost award of more than $8,000 against a chapter 7 debtor who lost on summary judgment would weigh on every debtor deciding whether to bring such a claim.

For these reasons Plaintiff asks the Court to decline to allow costs.

## III. THE BILL CLAIMS CHARGES THAT ARE NOT TAXABLE OR NOT DOCUMENTED

Civil L.R. 54-2(a) calls for "specific objections to any item of cost claimed in the bill." They follow. They are made in addition to Parts I and II. Costs are taxed "in conformity with 28 U.S.C. §§ 1920 and 1923, Civil L.R. 54-3, and all other applicable statutes and rules." Civil L.R. 54-4(b).

**A. The deposition as a whole: $8,206.45.** The statute reaches transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Counsel's declaration states that each cost "has been necessarily incurred for use in the case." Dkt. 68-1 at 2, ¶ 4. The City filed its motion on July 31, 2026. Dkt. 44. The trial date was vacated on August 21, 2026. Minute entry of Aug. 21, 2026. The City deposed Plaintiff on August 26, 2026. Dkt. 68-1 at 2, ¶ 2. The City's reply, filed October 16, 2026, does not cite the


Case: 26-03016 Doc# 80 Filed: 11/17/26 Entered: 11/17/26 16:12:29 Page 3 of 8

deposition. Dkt. 63. *See Aviva Gelato*, 94 B.R. at 625 (affirming denial of deposition costs where the record did not show they were necessary under § 1920(2)).

For depositions, Civil L.R. 54-3(c) allows "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case"; the cost of reproducing deposition exhibits; and notary fees. Civil L.R. 54-3(c)(1), (3), (4). It allows "[t]he attendance fee of a reporter when a witness fails to appear." Civil L.R. 54-3(c)(5). It allows nothing else.

**B. Charges that Civil L.R. 54-3(c) does not list: $2,737.75.** The category of costs the rule allows "is narrow and specific." *Pierson v. Ford Motor Co.*, No. C 06-6503 PJH, 2010 WL 431883 (N.D. Cal. Feb. 2, 2010). Judges of this District have disallowed "the costs of 'extra' deposition services," *Affymetrix, Inc. v. Multilyte Ltd.*, No. C 03-03779 WHA, 2005 WL 2072113 (N.D. Cal. Aug. 26, 2005), and of rough drafts, *Miele v. Franklin Resources, Inc.*, No. 15-cv-00199-LB (N.D. Cal. Apr. 8, 2019). The following line items on the two Veritext invoices are not the cost of an original, a copy, exhibits, or a notary:

| Line item | Invoice | Amount |
|---|---|---|
| Rough Draft | Ex. A, Dkt. 68-1 at 4 | $1,035.00 |
| Transcript - Supplemental Surcharges (invoice note: "Video Proceeding") | Ex. A, at 4-5 | $360.00 |
| Attendance - Non-Business Hrs Surcharge | Ex. A, at 4 | $193.75 |
| In Person Coverage Fee | Ex. A, at 4 | $225.00 |
| Secure Hosting & Delivery of Veritext File Suite | Ex. A, at 4 | $193.00 |
| Logistics & Processing | Ex. A, at 4 | $65.00 |
| Smart Package - Over 100 Transcript Pages | Ex. A, at 4 | $150.00 |
| In Person Coverage Fee | Ex. B, Dkt. 68-1 at 7 | $225.00 |
| Video - Electronic Access | Ex. B, at 7 | $85.00 |
| Video - Media and Cloud Services | Ex. B, at 7 | $175.00 |
| Expenses (Out of Pocket) | Ex. B, at 7 | $31.00 |
| **Total** | | **$2,737.75** |

**C. Reporter's attendance fee: $420.00.** The transcript invoice charges "Attendance - Full Day" at $420.00. Dkt. 68-1 at 4. Civil L.R. 54-3(c)(5) allows a reporter's attendance fee "when a witness fails to appear." Plaintiff appeared and testified from 10:00 a.m. to 6:01 p.m. *Id.* at 10.


Case: 26-03016 Doc# 80 Filed: 11/17/26 Entered: 11/17/26 16:12:29 Page 4 of 8

**D. One hundred pages billed beyond the transcript's stated length: $645.00.** The invoice bills the original transcript at 450 pages. Dkt. 68-1 at 4. The City's Exhibit C, the title page of the same transcript, reads "PAGES 1 - 350," and the reporter's certificate is page 348. *Id.* at 9, 12. One hundred pages at the invoiced rate of $6.45 is $645.00.

**E. Video of a deposition already transcribed: $2,115.00.** The rule allows "an original and one copy." The City claims two originals of one deposition: the stenographic transcript (Ex. A) and the video (Ex. B, "Video - Services," $2,115.00). Judges of this District have read the rule two ways. On one reading, "the cost of only one method of recording the deposition is allowable." *Pierson*, 2010 WL 431883; *accord Affymetrix*, 2005 WL 2072113. On the other, a court may allow both if the circumstances of the case call for it. *MasterObjects, Inc. v. Meta Platforms, Inc.*, No. C 21-05428 WHA (N.D. Cal. Jan. 10, 2023) (after summary judgment, disallowing the cost of videotape copies of depositions). Here judgment was entered on summary judgment, the witness on the video was the Plaintiff, and Plaintiff's own two depositions were recorded by audio only. Dkt. 68-1 at 14.

**F. Payment.** Counsel's declaration states that each cost "has been paid." Dkt. 68-1 at 2, ¶ 4. Exhibit A reads "Payment: $0.00" and "Balance Due: $5,575.45." *Id.* at 5. Exhibit B reads "Payment: $0.00" and "Balance Due: $2,631.00." *Id.* at 7. Exhibit D reads "Due upon receipt" and "TOTAL DUE $70.00." *Id.* at 14. *See* Civil L.R. 54-1(a) (documentation "to support each item claimed").

## IV. MEET AND CONFER

On November 16, 2026, Plaintiff wrote to counsel for the City and asked to confer about the bill of costs. Plaintiff and counsel for the City conferred by Microsoft Teams on November 17, 2026, in an effort to resolve the disagreement about the costs claimed in the bill. Plaintiff stated his position that no costs should be taxed, summarized why he believes the Court should not allow them, and asked whether the City would withdraw the bill. Counsel did not agree to withdraw it, and stated that she could not make that decision without consulting the City and seeing Plaintiff's papers. The disagreement was not resolved. Callaway Decl. ¶ 5; Civil L.R. 54-2(b).


Case: 26-03016 Doc# 80 Filed: 11/17/26 Entered: 11/17/26 16:12:29 Page 5 of 8

## V. CONCLUSION

Plaintiff asks that no costs be taxed or allowed on the City's bill of costs (Dkt. 68).

Dated: November 17, 2026

Respectfully submitted,

______________________________

**CHRISTOPHER MICHAEL CALLAWAY**

Plaintiff, In Pro Per



Case: 26-03016 Doc# 80 Filed: 11/17/26 Entered: 11/17/26 16:12:29 Page 6 of 8

## DECLARATION OF CHRISTOPHER MICHAEL CALLAWAY

I, Christopher Michael Callaway, declare:

1. I am the Plaintiff in this adversary proceeding and appear in pro per. I have personal knowledge of the matters stated here and could testify to them.

2. I am a chapter 7 debtor. I represent myself, and I am fighting several different litigation matters simultaneously.

3. Each and every month I am struggling to make ends meet.

4. Both of the depositions I took in this proceeding, of Mr. Teague and Mr. Patel on September 22, 2026, were remote, by Zoom, and were as affordable as possible.

5. On November 16, 2026, I emailed Melissa Boey and Joshua Dorchak, counsel for the City, and asked to confer about the bill of costs. On November 17, 2026, Ms. Boey and I spoke by Microsoft Teams. I told her my position is that no costs should be taxed in this case, and I summarized why I believe the Court should not allow them. I asked whether the City would withdraw the bill. She did not agree to withdraw it. She said she could not make that decision without consulting the City and seeing my papers. We did not resolve the disagreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 17, 2026, at San Francisco, California.

**CHRISTOPHER MICHAEL CALLAWAY**

Plaintiff, In Pro Per



Case: 26-03016 Doc# 80 Filed: 11/17/26 Entered: 11/17/26 16:12:29 Page 7 of 8

## CERTIFICATE OF SERVICE

I, Christopher Michael Callaway, declare that on November 17, 2026, I served the following documents by electronic mail on the persons listed below, at the email addresses at which they have agreed to accept service:

- Plaintiff's Objections to Defendant's Bill of Costs (Dkt. 68); Declaration of Christopher Michael Callaway
- Certificate of Service

Melissa Y. Boey, Esq., Morgan, Lewis & Bockius LLP, melissa.boey@morganlewis.com
(Counsel for Defendant City and County of San Francisco)

Joshua Dorchak, Esq., Morgan, Lewis & Bockius LLP, joshua.dorchak@morganlewis.com
(Counsel for Defendant City and County of San Francisco)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 17, 2026, at San Francisco, California.

**CHRISTOPHER MICHAEL CALLAWAY**
Plaintiff, In Pro Per



Case: 26-03016 Doc# 80 Filed: 11/17/26 Entered: 11/17/26 16:12:29 Page 8 of 8